**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL FOLEY, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> LOREA ARSTEGUI, GEORGINA ) <br> STUART, DEBORAH CROWSHAW, ) <br> LISA RUIZ-LEE, and CLARK COUNTY, ) <br> ) <br> Defendant(s). ) | Case No. 2:14-cv-00094-GMN-NJK <br><br> **ORDER** <br><br> Application to Proceed *In Forma Pauperis* <br><br> (Docket No. 1) |

Plaintiff Michael Foley is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Docket No. 1) on January 17, 2014. This proceeding was referred to this court by Local Rule IB 1-9.

**I.      *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's Complaint.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

. . . .

1    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

**A.    Defedants' Official Capacity Immunity**

Plaintiff has filed suit against Defendants Lorea Arostegui, Georgina Stuart, Deborah Crowshaw, Lisa Ruiz-Lee, and Clark County in their individual and official capacities. Plaintiff seeks, in addition to injunctive relief, actual and punitive damages "in an amount not less than $1 million." Docket No. 1-1, at 9. Plaintiff's claims for monetary damages under the federal civil rights statutes against Defendants in their official capacity, however, are barred by the state sovereign immunity recognized by the Eleventh Amendment. *See e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Cardenas v. Anzal*, 311 F.3d 929, 934–35 (9th Cir. 2002). Accordingly, all monetary claims against the Defendants in their official capacities are dismissed.

**B.    First Amendment Claim**

Plaintiff alleges that his First Amendment right to petition the government for redress of grievances has been violated. Docket No. 1-1, at 4. Specifically, Plaintiff alleges that after he served his ex-wife, Patricia Foley, and Defendant Georgina Stuart, Clark County Family Services Specialist, with a lawsuit alleging civil rights violations, Defendants in this matter retaliated against him by opening a child abuse investigation against him that same month. *Id.*

1  Deliberate retaliation by state actors against an individual's exercise of his First Amendment right
2  to petition the government for redress of grievances is actionable under § 1983. *Soranno's Gasco, Inc. v.*
3  *Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). To demonstrate retaliation in violation of the First
4  Amendment, a plaintiff must prove: (1) a defendant took action that would chill a person of ordinary
5  firmness from future First Amendment activities, and (2) the defendant would not have taken the action but
6  for the defendant's desire to chill plaintiff's speech. *Skoog v. County of Clackamas*, 469 F.3d 1221, 1232
7  (9th Cir. 2006). In order to support a claim of unconstitutional "chill," the disputed government act "must
8  be regulatory, proscriptive, or compulsory in nature, and the complainant must be either presently or
9  prospectively subject to the regulations, proscriptions, or compulsions that he or she is challenging."
10 *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir.1996) (*citing Laird v. Tatum*, 408 U.S. 1, 11, 92 S.Ct.
11 2318, 33 L.Ed.2d 154 (1972)).
12  Here, Plaintiff has pled sufficient facts to survive the initial screening process. Accordingly,
13 Plaintiff's First Amendment claim will proceed to service after Plaintiff has had an opportunity to amend
14 with regard to his deficient claims.
15  **B.  Fourth Amendment Claim**
16  Next, Plaintiff alleges that his Fourth Amendment right to be secure against unlawful searches and
17 seizures has been violated. Docket No. 1-1, at 5. Specifically, Plaintiff alleges that Defendants "searched,
18 seized, and interrogated" his children without a warrant or his consent. *Id*. Thereafter, Plaintiff asserts,
19 Defendants found no cause to continue with their investigation, but nonetheless entered Plaintiff's name
20 into the "Nevada Control Registry for the Collection of Information Concerning the Abuse or Neglect of
21 Children." *Id*. Plaintiff believes that, by putting his name on that list, Defendants have prevented him from
22 obtaining employment. *Id*.
23  The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses,
24 papers, and effects, against unreasonable searches and seizures, shall not be violated...." U.S. Const.
25 Amend. IV.  Plaintiff's assertions here are nothing more than a formulaic recitation that this protection has
26 been violated as to his children. Plaintiff provides no factual basis for his allegations and, therefore,  the
27 Court cannot determine whether Plaintiff has stated a claim that his Fourth Amendment rights have been
28 violated, or wether qualified immunity exists. *See Camreta v. Greene*, 131 S. Ct. 2020, 2032 (2011); *C.B.*

3

*v. City of Sonora*, 730 F.3d 816, 826 (9th Cir. 2013) *reh'g en banc granted,* 11-17454, 2014 WL 351676 (9th Cir. Feb. 3, 2014). Accordingly, the Court finds that Plaintiff has not alleged a cognizable Fourth Amendment claim.

### C. Fifth and Fourteenth Amendment Claims

Finally, Plaintiff alleges that his Fifth and Fourteenth Amendment rights to equal protection and due process have been violated. Docket No. 1-1, at 6. To support this claim, Plaintiff alleges that the Clark County Department of Family Services is permeated with a culture which promotes the economic and personal interests of mothers and, therefore, severely prejudices the interests and rights of fathers.[1] *Id*. That culture, Plaintiff asserts, caused him to be deprived of his right to due process and equal protection under the law. *Id*.

#### 1. Fifth Amendment Claims

The Fifth Amendment's Due Process Clause and the equal protection component thereof apply only to actions of the federal government-not to those of state or local governments." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) ("The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government—not to those of state or local governments") (*citing Schweiker v. Wilson*, 450 U.S. 221, 227 (1981)). In this case, Plaintiff has failed to allege that any of the defendants are federal actors. Therefore, the Court finds that Plaintiff's claim for violation of his rights secured by the Fifth Amendment fails as a matter of law.

#### 2. Fourteenth Amendment Claims

In order to state a cause of action for deprivation of procedural due process under the Fourteenth Amendment, Plaintiff must first establish the existence of a life, liberty, or property interest for which the protection is sought. *See Ky. Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). In addition, Plaintiff must plead that the processes in place are inadequate. *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). In this case, Plaintiff's sole allegation is that he was deprived of due process and equal

---

[1] Plaintiff further alleges that Clark County fails to train its employees to not violate the constitutional rights of citizens. Docket No. 1-1, at 6. Plaintiff believes this is because the Clark County Department of Family Services is "more occupied and concerned with being awarded the massive federal money awards and incentives that fund their high salaries, and enable the expansion of their illicit and violative powers, than they are about protecting children or the rights of their families." *Id*.

protection. Plaintiff has failed to make this showing and, therefore, has failed to state a claim as to due process in violation of the Fourteenth Amendment. Accordingly, Plaintiff's Fourteenth Amendment due process claim is dismissed.

Next, the Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., Amend. XIV. It requires "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, (1985). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998); *see Lee*, 250 F.3d at 686. Here, it appears that the basis of Plaintiff's claim is that he was discriminated against on the basis of his sex. Plaintiff has not, however, explained how he was discriminated against nor what actions Defendants took with an intent or purpose to discriminate against him. Accordingly, Plaintiff's Fourteenth Amendment equal protection claim is also dismissed.

### III. Conclusion

Thus, for good cause shown,

**IT IS ORDERED** that Plaintiff's request to proceed *in forma pauperis* is GRANTED.  Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

**IT IS FURTHER ORDERED** that all claims are **dismissed** without prejudice **except** Plaintiff's First Amendment right to petition the government for redress of grievances claim.

Plaintiff will have until **April 10, 2014**, to file an Amended Complaint, if Plaintiff believes he can correct the noted deficiencies.  If Plaintiff chooses to amend the Complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the

Amended Complaint complete.[2]  This is because, as a general rule, an Amended Complaint supersedes the original Complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.

Dated: March 10, 2014.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Therefore, although the Court has already found Plaintiff's First Amendment claim withstands screening, Plaintiff must nonetheless re-allege it in his Amended Complaint.