UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL FOLEY,<br><br>    Plaintiff,<br><br>v.<br><br>LOREA AROSTEGUI, et al.,<br><br>    Defendants. | Case No. 2:14-cv-00094-RFB-NJK<br><br>ORDER DENYING OBJECTIONS |

**I.     Background**

On January 1, 2014, Plaintiff Michael Foley filed an application to proceed *in forma pauperis* and an attached complaint. ECF No 1. On March 10, Magistrate Judge Koppe granted Foley's application to proceed *in forma pauperis* and screened Foley's complaint, dismissing all but one of Foley's claims. ECF No. 4. Foley was given leave to amend. Id. On April 10, Foley filed an amended complaint. ECF No. 6.

On July 7, 2014, Foley moved to be granted access to the case management and electronic case filing system ("CM/ECF") and for an order directing the U.S. Marshalls to serve summons. ECF No. 8. On July 8, Judge Koppe denied Foley's motion because Foley's complaint had not yet been screened. ECF No. 10.

On July 8, 2014, Foley filed summons issued. ECF No. 11. On July 8, Judge Koppe struck the filing of the summons because no summons could be issued until Foley's complaint had been screened. ECF No. 13.

On July 23, Foley filed objections to Judge Koppe's order striking the summons issued, ECF No. 15, and to Judge Koppe's order denying access to CM/ECF and service by the U.S. Marshalls, ECF No. 16.

On December 9, 2014, Judge Koppe screened Foley's amended complaint and found Foley had sufficiently alleged a claim. ECF No. 20. Judge Koppe ordered the Clerk of Court to issues Summons, Foley to furnish the U.S. Marshalls with the necessary USM-285 forms, and the U.S. Marshalls to attempt service. Id. Summons were issued and several defendants were served. ECF Nos. 21–27.

## II. Discussion

Plaintiff objects to the screening process delaying the issuance of summons and service of process because he is not a prisoner and is not subject to screening. For example,

> The Plaintiff objects to the Magistrate's high scrutiny and prolonged delay of the commencement of this action as inappropriate, given the fact that the Plaintiff is *not a prisoner seeking in forma pauper is status*, and therefore should not be subjected to such high scrutiny by the Court during the filing stage.

Objection 2:8–12, ECF No. 16; Objection 2:8–12, ECF No. 15.[1] However, Foley's complaint has now passed screening and been allowed to proceed. On December 10, 2014, Summons was issued as to the same parties as in the earlier, stricken Summons. Furthermore, service of process has been effected by the U.S. Marshalls. It does not appear that Foley has re-requested CM/ECF access, though he may now move to do so.

Because Foley's case has now proceeded beyond screening, Foley's objections to Judge Koppe's delays due to the screening process are moot.

## III. Conclusion

Accordingly, IT IS ORDERED that Plaintiff's Objection, ECF No. 15, and Objection, ECF No. 16, are DENIED as moot.

Dated this 31th day of March, 2015.

RICHARD F. BOULWARE, II
UNITED STATE DISTRICT JUDGE

---

[1] Screening under 28 U.S.C. § 1915(e)(2) is, in fact, applicable to non-prisoner plaintiffs proceeding *in forma pauperis*. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").