# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL FOLEY,

    Plaintiff(s),

vs.

LOREA AROSTEGUI, et al.,

    Defendant(s).

Case No. 2:14-cv-00094-RFB-NJK

ORDER GRANTING MOTION TO STAY

(Docket No. 33)

Pending before the Court is Defendants' motion to stay discovery pending resolution of their motion to dismiss. Docket No. 33. Plaintiff filed a response. Docket No. 35. Defendants did not file a reply. *See* Docket. The Court finds this motion appropriately resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion to stay discovery is **GRANTED** and discovery in this matter shall be stayed pending resolution of Defendants' motion to dismiss.

The Court has broad discretionary power to control discovery. *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). In determining whether a stay is appropriate, the Court considers the goals of Rule 1 to "secure the just, speedy, and inexpensive" determination of all cases. *Id.*, at 602-03.[1] The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

F.R.D. 579, 581 (D. Nev. 2013).[2]  Common situations warranting a stay of discovery pending a ruling on a dispositive motion occur when jurisdiction, venue, or immunity are preliminary issues. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555–56 (D. Nev.1997). "Courts have held that "threshold immunity question[s]" should be decided before the parties engage in discovery." *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506-507 (D. Nev. 2013) (quoting *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S. Ct. 1789, 1793 (1991).

The Court finds that Defendants have made the strong showing necessary to support a stay of discovery pending resolution of their motion to dismiss.  First, the pending motion to dismiss is potentially case-dispositive as it challenges all pending claims and raises the preliminary issue of Defendants' immunity.  Second, the motion to dismiss can be decided without discovery.  Third, the Court is convinced that Plaintiff will be unable to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[3] Additionally, the Court notes that Plaintiff stated that he "would be willing to stipulate to suspending the commencement of depositions pending the Court's ruling on the outstanding dispositive motion." Docket No. 35, at 1-2.

Accordingly, Defendants' motion to stay discovery (Docket No. 33) is hereby **GRANTED**. In the event that the motion to dismiss is not granted in full, the parties shall file a joint proposed discovery plan within 14 days of the issuance of the order resolving the motion to dismiss.

IT IS SO ORDERED.

DATED: April 15, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.*

[3] When the Court screens the complaint pursuant to 28 U.S.C. § 1915(a), the Court does not have the benefit of the adversarial process. *See Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).