# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL FOLEY,

    Plaintiff,

  v.

LOREA AROSTEGUI, *et al.*,

    Defendants.

Case No. 2:14-cv-00094-RFB-NJK

**ORDER**

    Plaintiff has filed a motion for appointment of counsel. (ECF No. 90). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Id. "Neither of these considerations is dispositive and instead must be viewed together." Id.

    In this case, the Court finds that both of these factors favor appointment of counsel. As to the likelihood of success on the merits, two of the Plaintiff's claims have survived summary judgment and are set to proceed to trial, pending the Court's decision on the motions for

reconsideration. A trial on these claims will present complex and novel constitutional questions that have not been clearly addressed in this circuit. For example, the Plaintiff will have to present evidence and make arguments regarding why it would not have been unduly burdensome for the Defendant to give him notice and an opportunity to be heard before adding him to the statewide child abuse registry. He will also have to establish that the county can be held liable under a <u>Monell</u> theory for implementing a state statute. The Ninth Circuit in <u>Humphries</u> noted that "[the statewide child abuse registry statute] itself did not create a sufficient procedure by which the Humphries could challenge their listing on the Index. Nothing in [the statute], however, prevented the LASD from creating an independent procedure that would allow the Humphries to challenge their listing on the Index. By failing to do so, it is possible that the LASD adopted a custom and policy that violated the Humphries' constitutional rights." <u>Humphries v. Cnty. of Los Angeles</u>, 554 F.3d 1170, 1202 (9th Cir. 2009), <u>as amended</u> (Jan. 30, 2009), <u>rev'd and remanded sub nom.</u>, <u>Los Angeles Cnty., Cal. v. Humphries</u>, 562 U.S. 29 (2010) (internal citation omitted). In doing so, the Ninth Circuit left open the question of whether the county could be held liable for implementing a state statute, where it could have created independent procedures to protect the Plaintiff's due process rights, but failed to do so. Determining this question will require a complicated legal analysis that would be very difficult for a layperson such as the Plaintiff to undertake. Based on these considerations, the Court finds that exceptional circumstances warrant the appointment of counsel for the Plaintiff at this point in the case.

**IT THEREFORE IS ORDERED** that the Plaintiff's motion for appointment of counsel (ECF No. 90) is GRANTED.

**IT FURTHER IS ORDERED** that this case shall be referred to the Pilot Pro Bono Program for Plaintiff to receive a general purpose appointment of counsel. The District of Nevada Pro Bono Liaison shall coordinate the appointment of counsel process and notify the Court of its results.

DATED: <u>July 5, 2018</u>.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**