# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

MICHAEL FOLEY,

    Plaintiff,

v.

LOREA AROSTEGUI, *et al*,

    Defendants.

Case No. 2:14-cv-00094-RFB-NJK

**<u>ORDER</u>**

Motions for Reconsideration

## I. INTRODUCTION

Before the Court is Defendants' Motion to Amend Judgment or in the Alternative Motion for Reconsideration (ECF No. 81) and Plaintiff's Motion for Reconsideration (ECF No. 82). For the reasons stated below, the Motions are denied.

## II. BACKGROUND

Plaintiff filed a Complaint against Clark County and Clark County Family Services employees Lorea Arostegui, Georgina Stuart, Deborah Croshaw, Lisa Reese, and Lisa Ruiz-Lee on March 10, 2014. At a hearing on September 21, 2015, the Court dismissed all of Plaintiff's claims except for the due process and First Amendment retaliation claims, without prejudice. ECF

No. 42. Plaintiff filed his Second Amended Complaint on September 2, 2016. ECF No. 62. Defendants filed a Motion for Summary Judgment on January 3, 2017. ECF No. 67. On February 1, 2018, the Court entered an Order granting in part and denying in part the Motion for Summary Judgment. ECF No. 78. The Court granted summary judgment to the Defendants on all claims except for Plaintiff's due process claim against Defendant Clark County and First Amendment retaliation claim against Defendant Arostegui. Id. The Court allowed the due process claim to proceed on the theory that Defendants did not provide Plaintiff with adequate due process protections before they added him to the statewide child abuse registry. The Court allowed the First Amendment retaliation claim to proceed based on the timing of Plaintiff filing a civil rights lawsuit and Defendants opening their investigation into his alleged child abuse. At a status conference on February 12, 2018, the Court gave the parties until February 26, 2018 to file simultaneous Motions for Reconsideration of the Summary Judgment Order. ECF No. 79. On February 26, 2018, the parties filed their Motions for Reconsideration. ECF Nos. 81 and 82.

### III. LEGAL STANDARD

#### A. Motion for Reconsideration

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation and citation omitted). However, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880

(9th Cir. 2009) (internal quotation and citation omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id.

## IV. DISCUSSION

### A. Defendants' Motion for Reconsideration (ECF No. 81)

#### *1. Due Process Claim*

Defendants did not address the question of predeprivation due process in their summary judgment briefing. They claim that the evidence they now submit in relation to predeprivation process was not available previously because "[d]etails of the investigation surrounding Plaintiff's Complaint prior to Plaintiff's name being entered into the Registry were not provided as Plaintiff's Amended Complaint appeared to primarily focus on the post deprivation process." ECF No. 81 at 4. Even if this qualified the newly provided evidence as previously unavailable, the Court does not find that Defendants have proven beyond dispute that Plaintiff was provided with adequate due process protections in this case.

Defendants first argue that the due process claim was wrongfully decided because (1) Plaintiff was given an adequate opportunity to be heard before he was deprived of his liberty interest and (2) it would have been impractical for Defendant Clark County to provide any additional protections before adding Plaintiff to the statewide child abuse registry. Defendants contend that Plaintiff was given an adequate opportunity to be heard because the investigator called Plaintiff twice during the course of the investigation and asked to speak with him about the allegations against him, but he refused to cooperate. These steps alone are insufficient to satisfy the requirements of due process. The evidence that Defendants cite to, case notes prepared by the investigator, does not indicate that the investigator ever actually informed Plaintiff of the possibility that he could be added to the statewide child abuse registry. The investigator merely stated in her reports that "this worker explained that I work with CPS and would like to discuss a

report that we received about him and his children." ECF No. 81, Ex. 1-B and 1-C. When Plaintiff was informed that CPS would not be providing him with an attorney, he refused to cooperate and stated that he would have his attorney contact the investigator, which evidently never happened. Id. Based on this evidence, the Court does not find it undisputed that the Plaintiff was informed of the potential deprivation of his liberty interest, the evidence against him, and the available procedures to object to the deprivation, as required by due process. "Due process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 272 (2010) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). Defendants also argue that "Plaintiff hasn't provided any documentation let alone any relevant argument that the alleged abuse did not occur." ECF No. 81 at 7. This is not a requirement for a due process claim and is irrelevant to the analysis here.

Defendants also have not proved beyond dispute that it would have been impractical or unduly burdensome for Defendant Clark County to provide additional procedural protections before adding Plaintiff to the statewide child abuse registry. They argue generally that offering a predeprivation process would have been impractical "[d]ue to the urgency of removing a child from harm and preventing future abuse." ECF No. 81 at 7. They allege that under the Nevada statute, "[o]nce an investigator substantiated an investigation, that substantiation would automatically enter the individual who was alleged to have caused the abuse into the Registry" and therefore "Defendants would have no means of preventing the Registry submission unless the investigation is delayed, postponed or inappropriately deemed unsubstantiated." Id. at 9. Although the safety of the minors being investigated by the Defendants is certainly of upmost importance, Defendants do not provide any specific information regarding why that safety could not be preserved while also offering adequate procedural protections to those under investigation. The Defendants offer no reason why the process of safeguarding a minor by removing the minor from a home must operate in parallel to the process for placing an individual into the registry. Indeed, it would be reasonable to allow for an individual's subsequent appeal or review of the abuse determination to occur in conjunction with the process of placement in the registry.

Moreover, general references to "the urgency of removing a child from harm" are not enough to prove impracticality without specific facts regarding the timeline of the investigation and how disruptive it would have been to offer Plaintiff more comprehensive notice and an opportunity to be heard before substantiating the abuse. In this case, the first report of abuse was made on January 23, 2012 and the abuse was not substantiated until March 20, 2012. Defendants had two months in which to properly apprise Plaintiff of the potential consequences of the investigation and offer him an opportunity to tell his side of the story. Based on this timeline, Defendants cannot simply claim that further protections were impractical without additional evidence.

Finally, Defendants argue that Defendant Clark County cannot be held liable under a Monell theory because it was not the final decision maker that created the policy at issue here. Defendants fail to address the fact, which the Court explained in its Summary Judgment Order, that the Ninth Circuit held in Humphries that a county could potentially be liable under Monell for implementing a state statute, if it could have provided additional safeguards to implement the statute constitutionally, but failed to do so. Humphries v. Cnty. of Los Angeles, 554 F.3d 1170, 1202 (9th Cir. 2009), as amended (Jan. 30, 2009), rev'd on other grounds, Los Angeles Cnty., Cal. v. Humphries, 562 U.S. 29 (2010). For the same reasons the Court cannot find as a matter of law that it was impractical for Defendant Clark County to provide Plaintiff with a predeprivation process, the question of whether Clark County could have implemented the Nevada statute constitutionally but failed to do so is yet to be resolved.

### 2. *First Amendment Retaliation Claim*

Defendants incorrectly assert that the timing of Plaintiff filing his civil rights lawsuit and Defendant Arostegui opening the investigation into his alleged abuse does not raise a question of fact regarding whether the investigation had a retaliatory motive. They state, "a quick glance at the docket indicates that Plaintiff's Amended Complaint was not even filed until April 10, 2014 (though not served) and was not even served to Defendants until December 10, 2014." ECF No.

81 at 10. However, the Court's Summary Judgment Order makes it clear that the alleged retaliation was not in response to Plaintiff filing the current lawsuit, but for Plaintiff filing the civil action Michael Foley v. Michelle Pont et al, Case No. 2:11-cv-01769-JCM-VCF. A quick glance at the docket in that case shows that Defendant Stuart was served on January 31, 2012, around the same time Defendant Arostegui opened the investigation into Plaintiff's alleged abuse. The Court will not reconsider its decision on this claim.

### B. Plaintiff's Motion for Reconsideration (ECF No. 82)

The Court does not find that the Plaintiff has provided any facts in his Motion for Reconsideration that he would have personal knowledge of, such that the Court could consider it as evidence at the summary judgment stage. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004). The Court will not reconsider its decision as to any of the claims that it previously granted summary judgment on.

### V. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Amend Judgment or in the Alternative Motion for Reconsideration (ECF No. 81) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 82) is DENIED.

DATED: September 10, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**