UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL FOLEY,

        Plaintiff,

    v.

LOREA AROSTEGUI,

        Defendant.

Case No. 2:14-cv-00094-RFB-NJK

**<u>ORDER</u>**

## I.     INTRODUCTION

Before the Court is Plaintiff's Emergency Motion to Reopen Discovery and Vacate Trial Date. ECF Nos. 117, 120. For the reasons stated below, the Court grants the motion.

## II.     BACKGROUND

On March 10, 2014, Plaintiff Michael Foley filed a civil rights lawsuit against Clark County and Lorea Arostegui, Georgina Stuart, Deborah Croshaw, Lisa Reese, and Lisa Ruiz-Lee, all of whom are Clark County Family Services employees. ECF No. 5. 2. Plaintiff alleged the following causes of action: (1) First Amendment claim regarding the right to petition the government for redress of grievances; (2) Fourth Amendment claim arising from an unlawful search and seizure; (3) Due Process and Equal Protection claims under the Fifth and Fourteenth Amendments; (4) Conspiracy to Violate the Right to Life, Liberty, Property, Due Process and Equal Protection of the Laws; and (5) Intentional Infliction of Emotional Distress. Discovery began on September 23, 2016 and concluded on December 22, 2016. Following Defendants' Motion for Summary Judgment, Plaintiff's Due Process claim against Defendant Clark County and First Amendment retaliation claim against Defendant Arostegui remain. ECF No. 78.

On January 22, 2019, Plaintiff, who had previously been representing himself pro se, retained the Lewis Roca Rothgerber Christie, LLP law firm to assist him on a pro bono basis. Plaintiff filed the instant Emergency Motion to Reopen Discovery and Vacate Trial Date on January 24, 2019. ECF No. 117. Defendants responded on January 28, 2019. ECF No. 121. A jury trial is currently scheduled for February 11, 2019. ECF No. 113.

## III.  LEGAL STANDARD

Plaintiff seeks a modification of the scheduling order, which "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Ninth Circuit has instructed district courts to consider: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017).

## IV.  DISCUSSION

The Court has considered the relevant factors and the record and finds that there is good cause to vacate the trial and reopen discovery on a limited basis in this case.

The Court does not find that the Defendant would suffer undue or unfair prejudice if the Court were to grant limited discovery. The Court intends to restrict any reopened discovery to the central events and conduct that form the basis of Plaintiff's surviving claims. Much of this information would have been and presumably was investigated and disclosed by Defendant pursuant to its initial disclosure obligations. Indeed, the very documents that Defendant proffered in connection with its Motion for Summary Judgment (ECF No. 67) relate to the nature of the discovery that the Court intends to permit in this case.

Additionally, the Court's primary consideration is the diligence of the party seeking amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The

Court finds that Plaintiff has diligently pursued this action to the best of his ability while acting *pro se*. Plaintiff diligently defended against motions to dismiss and for summary judgment and conducted other motions practice. Plaintiff requested the appointment of counsel earlier in the litigation to assist him in more fully participating in discovery and opposing Defendant's motions. Even absent Plaintiff's informed participation in discovery, two claims survived summary judgment, and there is good cause to provide Plaintiff the chance to obtain relevant evidence to support these claims now that he has the support of counsel. Moreover, discovery in this case was conducted in only a three-month window. Particularly given Plaintiff's *pro se* status, the need for additional discovery in light of such a short discovery window was reasonably foreseeable.

The Court therefore schedules a status conference to set the parameters for reopening discovery.

## IV.    CONCLUSION

**IT IS ORDERED** that Plaintiff's Emergency Motion to Reopen Discovery and Vacate Trial Date (ECF Nos. 117, 120) is **GRANTED**. The Calendar Call set for February 6, 2019 and the Jury Trial set for February 11, 2019 are **VACATED**.

**IT IS FURTHER ORDERED** that a status conference is scheduled for February 19, 2019 at 2:00 PM in LV Courtroom 7C before Judge Richard F. Boulware, II.

DATED: <u>January 29, 2019</u>.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**