UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL FOLEY,<br><br>Plaintiff,<br><br>v.<br><br>LOREA AROSTEGUI, GEORGINA STUART, DEBORAH CROWSHAW, LISA RUIZ-LEE, CLARK COUNTY, NEVDADA, LISA REESE,<br><br>Defendant(s). | Case No. 2:14-cv-00094-RFB-NJK<br><br>**ORDER** |

### I. INTRODUCTION

Before the Court is Defendants Lorea Arostegui and Clark County, Nevada's Motion for Terminating Sanctions, ECF No. 149, Plaintiff's Response, ECF No. 154, and Defendants' Reply, ECF No. 157. The Court grants the Motion for Terminating Sanctions and dismisses pending motions as moot.

### II. PROCEDURAL BACKGROUND

Plaintiff filed an Amended Complaint (ECF No. 6) in this matter on April 10, 2014 and Defendants filed a Motion to Dismiss the Amended Complaint (ECF No. 28) on January 20, 2015. A hearing on the motion was held September 21, 2015. The Court dismissed all of Plaintiff's claims except for Plaintiff's Due Process claim. ECF No. 42. Plaintiff filed a Second Amended Complaint on September 2, 2016. ECF No. 62. Defendants filed a Motion for Summary Judgment on January 1, 2017. ECF No. 67. The Court denied that motion as to Plaintiff's due process claim against Defendant Clark County and Plaintiff's First Amendment retaliation claim against

///

Defendant Arostegui and granted the motion for the defendants as to every other claim. ECF No. 78.

On January 25, 2019, Plaintiff filed an Emergency Motion to Reopen Discovery on January 24, 2019. ECF No. 117. The Court granted this motion on January 29, 2019. ECF No. 123. The Court also granted a stipulation to Reopen Discovery on March 20, 2019. ECF No. 132. On May 16, 2019, Defendants filed a Motion to Compel (ECF No. 139) and on May 17, 2019, an Emergency Motion to Compel (ECF No. 14). On May 30, 2019, The Court granted Plaintiff's Motion to Withdraw as Counsel (ECF No. 134). ECF No. 141. The Court granted in part and denied in part the Emergency Motion to Compel and denied the Motion to Compel as moot. Defendants were further ordered to re-send remaining discovery requests directly to Plaintiff via email by May 30, 2019 and Plaintiff was ordered to respond by June 13, 2019. ECF No. 141. Plaintiff filed a Notice of Appearance on July 1, 2019. ECF No. 147. Defendants filed the instant Motion Terminating Sanctions on July 2, 2019. ECF No. 149. Plaintiff responded on July 16, 2019, ECF No. 154, and Defendant replied on July 23, 2019, ECF No. 157.

The Court stayed the case pending resolution of the instant motion on August 5, 2019. ECF No. 160.

### III. FACTUAL BACKGROUND

The Court makes the following factual findings from the record. The Court granted the parties' stipulation to extend the discovery deadline on March 20, 2019. ECF No. 132. This stipulation extended the discovery deadline until May 20, 2019. Id. Plaintiff did not respond to Defendants' First Set of Requests for Production and Defendants filed, *inter alia*, an Emergency Motion to Compel (ECF No. 140). At a hearing on the motion, the Court stated to Plaintiff that he had fourteen days to respond as appropriate to Defendants' Requests for Production and that discovery would close on June 28, 2019. The Court advised Plaintiff that he must respond but that he could notify Defense counsel if his jury duty obligations required a renewed discovery schedule. The Court further warned Plaintiff that if he did not respond and had no legitimate excuse for failure to respond, his claims could be dismissed, and he could be subject to monetary sanctions. Plaintiff acknowledged that he understood this warning.

Plaintiff's counsel filed a Notice of Appearance on July 1, 2019. On July 2, 2019 Defendants filed a Motion for Terminating Sanctions, stating Plaintiff had failed to answer the Requests for Production of documents. Mot. Terminating Sanctions at 3-4, ECF No. 149.

### IV. LEGAL STANDARD

"Courts need not tolerate flagrant abuses of the discovery process." Campbell Indus. v. M/V Gemini, 619 F.2d 24, 27 (9th Cir. 1980). At the pre-trial stage, a district court can impose case-dispositive sanctions for discovery abuses under Federal Rule of Civil Procedure 37, which states: "[i]f a party . . . fails to obey an order to provide or permit discovery," the court may, *inter alia*, "render default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). The Ninth Circuit has held that "belated compliance with discovery orders does not preclude the imposition of sanctions." Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam)). Under FRCP 37(b), if a party fails to obey an order to provide or permit discovery, including an order under Rule 26(f), then the court where the action is pending may issue "further just orders," and may "dismiss the action or proceeding in whole or part." Fed. R. Civ. P. 37(b)(2)(A)(v).

Because default judgment is a harsh penalty, "the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Porter v. Martinez, 941 F.2d 732, 733 (9th Cir. 1991) (internal quotations omitted). The fifth factor has three subparts, including "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn, Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (citing Valley Eng'rs v. Electric Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)). The key factors are prejudice to the party seeking sanctions and the availability of lesser sanctions. Henry v. Gill Indus., 983 F.2d 943, 948 (9th Cir. 1993) (quoting Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990)). These factors, however, "are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to

do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (citation and internal quotations omitted); see also Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (noting that the district court need not make explicit findings as to each factor and upholding a terminating sanction where the court only considered the plaintiff's level of culpability, the prejudice suffered, and the availability of lesser sanctions).

For dismissal to be proper, the conduct to be sanctioned must also be due to willfulness, fault, or bad faith. Henry, 983 F.2d at 947–48 (citing Fjelstad v. Am. Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir. 1985)). The Court may consider the entirety of a litigant's conduct, including prior conduct which has already been subject to sanction, in weighing a sanctions motion. See id. at 947. "Disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." Id. at 948.

**V.     DISCUSSION**

The parties disagree whether the five factors identified by the Ninth Circuit in Porter v. Martinez weigh in favor of terminating sanctions. Defendants argue that "all five factors heavily support imposing terminating sanctions," ECF No. 149 at 11, while Plaintiff asserts that his failure to comply was not the consequence of bad faith and that even if bad faith were adequately demonstrated, the five factors weigh in his favor. Plaintiff further asserts that Defendants failed to satisfy Federal Rule of Civil Procedure 37(a)(1) because Defendant did not make a good-faith effort to meet and resolve the action without judicial intervention.

The Court finds that Defendants did satisfy their meet and confer obligation under Rule 37(d)(1)(B) and Local Rule IA 1-3(f)(2). Rule 37(d)(1)(B) requires that a motion for sanctions include a certification that the movant "has in good faith conferred or attempted to confer" with the non-movant in an effort to avoid judicial intervention." Fed. R. Civ. P. 37(d)(1)(B). The Local Rules define "meet and confer" as direct communication and discussion in good faith of the relevant issues under the rule. D. Nev. Civ. R. 1-3. This requirement is satisfied via an in-person meeting, telephone conference, or video conference, and the movant must file a declaration

/ / /

indicating that the movant has satisfied these obligations and certifying that the parties were unable to resolve the dispute without judicial intervention. Id.

Defendants clearly satisfied their obligation under Rule 37(d)(1)(B) and the local rules. Defendants' Motion includes the Declaration of Defendants' counsel, in which he states that he and Plaintiff conferred telephonically on July 1, 2019 and that he and Plaintiff's counsel also conferred later that day. Decl. of Tim Baldwin at 1-2, ECF No. 149. While the Declaration does not explicitly state that the dispute cannot be resolved without judicial intervention, it clearly states that both Plaintiff and Plaintiff's counsel indicated the requested responses would not be submitted imminently. Id. at 2. Defendants have therefore met their obligation under 37(d)(1)(B).

Turning to the five-factor inquiry established in Porter, the Court finds the first two factors weigh in favor of granting Defendants' Motion. It is evident that both the public's interest in expeditious resolution of the litigation and the court's need to manage its docket weighs in favor of Defendants. The discovery deadline has already been extended in this case and Plaintiff has failed to comply. Moreover, the case has now been ongoing for five years.

The third factor considers the risk of prejudice to the party seeking sanctions. Defendants cite the Ninth Circuit to assert that a failure to produce documents as ordered is sufficient prejudice. ECF No. 149 at 8 (citing In re Phenylpropanolamine 460 F.3d at 1227). They further assert that Plaintiff's failure to comply has infringed their ability to prepare and execute their defense, and that the additional delay creates a presumption of prejudice. Id. at 8-9. Plaintiff counters that Plaintiff's motion seeking an extension of discovery and willingness to extend the deadline for motions for summary judgment avoids any prejudice to the Defendants and in fact may benefit them, as they will finally receive the "discovery to which they are entitled." Pl.'s Resp. at 8, ECF No. 154.

The Court finds that the third factor also weighs in favor of Defendants. The failure to produce documents as ordered is presumptively prejudicial, and Plaintiff has not overcome this presumption. While Plaintiff asserts that extended discovery will afford Defendants the opportunity to receive the Requests for Production, Plaintiff has now twice failed to respond to this request, despite being told by the Court that such failure could result in dismissal. In light of

that failure, Plaintiff's assurances that Defendants will receive the requested discovery are unconvincing.

Finally, while the fourth factor—public policy favoring disposition of cases on their merits—favors Plaintiff, the fifth factor—the availability of less drastic sanctions—favors Defendants. It is evident that disposing of the case now would deprive the parties of a final disposition on the merits. Turning to the fifth factor, Defendants point to the Court's admonishment to Plaintiff during the hearing on the Motion to Compel that Plaintiff's case could be dismissed if he did not respond to the discovery request. Plaintiff counters by stating less drastic sanctions are appropriate here since Plaintiff has now retained counsel.

The Court finds that terminating sanctions are appropriate here, despite the availability of alternatives, including staying further proceedings until the request for discovery has been adhered to. See Fed. R. Civ. P. b(2)(A)(i)-(vii). The Court is not obligated to consider these alternatives. In re Phenylpropanolamine, 460 F.3d at 1226. Further, consideration of the subparts under factor five clearly supports granting the instant motion. The Court warned Plaintiff explicitly about the possibility of case-dispositive sanctions if Plaintiff did not respond. Moreover, the Court gave Plaintiff the opportunity, which Plaintiff accepted, to extend the deadline due to Plaintiff's jury duty obligations. There is no justifiable excuse for Plaintiff's continued failure to respond to the discovery request, in light of the Court's clear warning.

Furthermore, Plaintiff's failure to respond is clearly due to "willfulness." Defendants have attached an email as an exhibit to the instant motion that illustrates Plaintiff deliberately chose to prioritize personal matters over his obligation to Defendants and this Court. Ex. B at 1, ECF No. 149. As "[d]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault," the Court finds that standard easily satisfied. Thus, the five factors weigh in favor of Defendants.

Finally, Rule 37(d)(3) mandates that "instead of or in addition to" the available sanctions, the Court require the "party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P.

37(d)(3). Defendants argue that fees and costs are warranted regardless of the sanctions imposed on Plaintiff. Plaintiff counters that Defendants did not attempt in good faith to obtain the requested discovery because they filed the instant motion on the same day they became aware Plaintiff had obtained new counsel. ECF No. 154 at 10. Moreover, Plaintiff states he was substantially justified in failing to disclose the discovery because he sought to secure more time for disclosure so his counsel could adequately respond to the request. Id. at 11. Finally, Plaintiff argues monetary sanctions would be unjust because Plaintiff was a pro se plaintiff at the time the request was due, and that Plaintiff's counsel reasonably sought to first familiarize herself with the Court's order prior to responding to the request. Id.

The Court finds that Plaintiff was not substantially justified in failing to meet the discovery deadline. As discussed *supra*, he was explicitly warned by the Court that failing to respond could result in dismissal, and his prioritization of personal time over his obligation to Defendants and this Court does not qualify as substantial justification. Furthermore, monetary sanctions would not be unjust here. While Plaintiff was pro se at the time discovery was due, the request itself was not exceptionally onerous and, again, Plaintiff was aware of the consequences of non-compliance with the Court's order.

Accordingly, because the Court has already found terminating sanctions to be appropriate and because the Court finds neither substantial justification nor other circumstances that would make an award of expenses unjust, the Court is compelled by Rule 37(d)(3) to award monetary sanctions in addition to terminating sanctions.

//
//
//
//
//
//
//
//

**VI. CONCLUSION**

For the reasons stated above,

**IT IS THEREFORE ORDERED** that Defendants' Motion for Terminating Sanctions is GRANTED. This action is dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff pay Defendants' reasonable attorney's fees and costs caused by Plaintiff's failure to respond to the requested discovery. Defendants shall submit a motion for costs and fees (itemized) consistent with this order by **October 10, 2019**.

**IT IS FURTHER ORDERED** that all pending motions in this action are dismissed as moot. The Clerk of Court is instructed to enter judgment accordingly and close this case.

DATED: September 25, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**