UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MICHAEL FOLEY,

                   Plaintiff,

   v.

LOREA AROSTEGUI *et al.*,

                  Defendants.

Case No. 2:14-cv-00094-RFB-NJK

**ORDER**

## I.     INTRODUCTION

Before the Court are the Motion to Withdraw [ECF No. 163], Motion for Attorney Fees [ECF No. 164], Motion for Reconsideration [ECF No. 166], and Motion for Re-Taxation of Costs [ECF No. 175].

## II.     PROCEDURAL BACKGROUND

Plaintiff filed an Amended Complaint in this action on April 10, 2014, naming as Defendants Lorea Arostegui, Georgina Stuart, Deborah Croshaw, Lisa Reese, Lisa Ruiz-Lee, and Clark County. ECF No. 6. Defendants filed a Motion to Dismiss. ECF No. 28. The Court dismissed all of Plaintiff's claims except for Plaintiff's Due Process Claim. ECF No. 42. On May 8, 2018, Plaintiff filed a Motion for Pro Bono Counsel. ECF No. 90. On July 5, 2018, the Court granted Plaintiff's Motion. ECF No. 105. On January 22, 2019, the law firm Lewis Roca Rothgerber Christie LLP filed a notice of appearance as pro bono counsel for Plaintiff. ECF No. 116. On January 28, 2019, Defendant Clark County served an Offer of Judgment to Plaintiff and his counsel that was delivered on January 30, 2019. ECF No. 164. Neither Plaintiff nor his counsel responded to the Offer of Judgment.

On January 29, 2019, the Court reopened discovery. ECF No. 123. During this discovery period, the parties engaged in various forms of discovery including five (5) depositions that were taken. ECF No. 164. On February 22, 2019, Defendants deposed Plaintiff, Michael Foley. Id. at 3. On March 12, 2019, Plaintiff deposed Lorea Arostegui. Id. On March 14, 2019, Plaintiff deposed Nicholas Poulsen. Id. On March 26, 2019. Plaintiff deposed Georgina Stuart. Id. On May 9, 2019, Plaintiff deposed Deborah Croshaw. Id.

On March 26, 2019, Plaintiff was served with Defendant Clark County's First Set of Requests for Admissions (the "Admissions"), First Set of Interrogatories (the "Interrogatories"), and First Set of Requests for Production (the "RFP's").   Id. Plaintiff's responses to these documents were due on or before April 25, 2019. Id. On May 3, 2019, the law firm of Lewis Roca Rothgerber Christie LLP filed a Motion to Withdraw as Counsel. ECF No. 134. On May 16, 2019, due to Plaintiff's failure to complete discovery and submit responses to the RFP's, Defendants filed a Motion to Compel. ECF No. 138. On May 29, 2019, the Court granted Lewis Roca Rothgerber Christie LLP's Motion to Withdraw as Counsel. ECF No. 141. On May 29, 2019, the Court also granted in part and denied in part Defendant's Motion to Compel. ECF No. 145. The Court ordered that "Defendants re-send remaining discovery requests directly to Plaintiff via email by tomorrow [May 30, 2019] and that Plaintiff's Response to these requests is due June 13, 2019." (ECF No. 141). Plaintiff refused to comply with the Court's Order.

On July 1, 2019, McLetchie Law filed a Notice of Appearance to represent Plaintiff in this matter. ECF No. 147. On July 2, 2019, Defendants filed a Motion for Terminating Sanctions. ECF No. 149. On September 25, 2019, the Court granted Defendants' Motion for Terminating Sanctions and dismissed the action with prejudice. ECF No. 161.

### III.    MOTION FOR ATTORNEYS FEES [ECF NO. 164] & MOTION FOR RE-TAXATION OF COSTS [ECF NO. 175]

The Court grants the Defendants' Motion for Attorney Fees. Under Fed. R. Civ. P. 37(b)(2)(C) a district court may order a "disobedient party" "to pay the reasonable expenses, including attorney's fees" for failing to comply with the court's discovery orders. The Court

ordered this case terminated for Plaintiff's failure to follow its orders. ECF No. 161. The Court further ordered that the "Plaintiff pay Defendants' reasonable attorneys fees and costs caused by Plaintiff's failure to respond to the requested discovery." Id. at 8.  The Court therefore finds that the Defendants are entitled to attorney's fees and costs pursuant to the Court's order on September 25, 2019.

The Court has considered the record and submissions in this case and further finds that Defendants asserted attorney's fees in the amount of **$2,069.50** caused by Plaintiff's failure is appropriate and reasonable. ECF No. 164. The Court has considered and rejects Plaintiff's challenge to these fees. The Court does not find it appropriate to exercise its discretion in this case to relieve Plaintiff of his burden to pay these fees especially when his misconduct serves as the basis for such fees.

The Court also grants the request for costs in this case in the amount of **$3,875.41.** ECF No. 164. Under Fed. R. Civ. P. 68(d) a party may recover all costs incurred after an offer of judgment if a "judgment that the offeree finally obtains is not more favorable than the unaccepted offer." Id. In this case, Defendants made an offer of judgment on January 28, 2019. This was more than fourteen days before any trial date. The Plaintiff rejected this offer. The Plaintiff did not obtain a more favorable judgment and must therefore pay all of Defendants' costs incurred since January 28, 2019. The Court has considered the record and finds the amount of costs to be reasonable and appropriate pursuant to Rule 68.

The Court also finds that Defendants are entitled to costs under Fed. R. Civ. P. 54(d) which creates a "presumption" in favor of awarding "costs" to a "prevailing party." Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996). The Rule does grant a court the discretion to decline to tax costs in favor of a prevailing party. Crawford Fitting Co. v. J.T. Gibbons, Inc., 441-42 (1987). Defendants prevailed in this case and the Court finds the costs to be appropriate and reasonable.

The Court rejects the Plaintiff's Objection (ECF No. 168) to the Defendants' assertion of costs and the Motion for Re-taxation of Costs (ECF No. 175) in this case. The Court declines to exercise its discretion to reduce the award of costs in this case. Having considered the various reasons possible reasons for a reduction averred by the Plaintiff, the Court does not find a legal or

equitable basis for such a reduction based on the record in this case. See Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247-48 (9th Cir. 2014) (listing various reasons to decline to award costs). The Court finds that the relatively low award of fees and costs in this case do not justify a reduction, as the Court does not find that it would chill future litigation. The complexity of the case does not warrant a reduction. The Court also finds that Plaintiff has not established that such an award would be a substantial financial burden. He has alternately alleged varying amounts of income which prevent the Court from making a definitive finding as to his financial resources.

The Court does not find the issue of financial disparity between the parties to justify a reduction here. In this case, the prevailing party includes a municipality. While the overall resources of the Defendants are vast compared to the Plaintiff, the Defendants resources are essentially those held in trust for the public. Any resources expended on this litigation are resources which cannot be utilized for public services. Consequently, the Court does not find financial disparity between the parties warrants a reduction of costs.

Finally, the Court reiterates that the award of fees and costs here in terms of the termination of this case derives from Plaintiff's misconduct. Plaintiff might have successfully prevailed on the merits at trial but for his conduct. While this case may have initially been brought in good faith, the Plaintiff subsequently has engaged in such improper conduct that the Court had to ultimately terminate the case. This factor undercuts any assertion that an award in this case would have a chilling effect on future or other litigants.


## IV.     MOTION FOR RECONSIDERATION [ECF NO. 166]

The Court also denies Plaintiff's Motion for Reconsideration (ECF No. 166). Fed. R. Civ. P. 59(e) permits a court to reconsider or amend a prior order. Id. However, a "motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). The Court finds that Plaintiff has not established a basis for this Court to reconsider its order imposing case-dispositive sanctions. Plaintiff's arguments are essentially a new variation on

previous arguments raised with the Court when it considered the motion for sanctions initially. Plaintiff has not identified any error by the Court or any newly discovered evidence.

**V.    CONCLUSION**

**IT IS THEREFORE ORDERED** that the Motion to Withdraw (ECF No. 163) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion for Attorney Fees (ECF No. 164) is GRANTED. The Court hereby awards attorneys' fees in the amount of **$2,069.50** and costs in the amount of **$3,875.41**.

**IT IS FURTHER ORDERED** that the Motion for Re-Taxation of Costs (ECF No. 175 and the Motion for Reconsideration (ECF No. 166) are DENIED.

**DATED**: September 23, 2020.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**