UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL FOLEY, | Case No. 2:14-cv-00094-RFB-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| LOREA AROSTEGUI, et al., | |
| Defendants. | |

This matter comes before the Court on the Ninth Circuit Court of Appeal's Referral Notice. ECF No. 185. The Ninth Circuit refers the matter to the Court for the limited purpose of determining if Plaintiff's *in forma pauperis* status should continue during his appeal or if Plaintiff's appeal is frivolous or is taken in bad faith. Id.

"[A]n appeal on a matter of law is frivolous where none of the legal points are arguable on their merits." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Here, the Plaintiff appeals the following twelve judgments and orders:

- Order on Defendants' Motion to Dismiss (ECF No. 42)
- Order on Defendants' Motion for Summary Judgment (ECF No. 77)
- Opinion and Order on Defendants' Motion for Summary Judgment (ECF No. 78)
- Order Denying Defendants' Motion to Amend Judgment (ECF No. 108)
- Order Granting Stipulated Protective Order (ECF No. 131)
- Order on Motions (ECF No. 141)
- Minute Order (ECF No. 160)
- Order Granting Defendants' Motion for Terminating Sanctions (ECF No. 161)
- Judgment in favor of Defendants (ECF No. 162)

- Bill of Costs (ECF No. 173)
- Clerk's Memorandum of Costs Taxed (ECF No. 174)
- Judgment on Attorney Fees and Motion for Reconsideration (ECF No. 179)

Plaintiff also seeks to appeal "Any and all opinions, orders, judgments and memoranda entered by the court that are adverse to the plaintiff/appellant." ECF No. 182 at 2. Plaintiff fails to explain why he is appealing any specified or unspecified orders, minute orders, judgments, and memoranda adverse to Plaintiff.

The Court finds the appeal to be frivolous. The Court dismissed the action with prejudice because it found that the Plaintiff flagrantly abused the discovery process. ECF No. 161. Under FRCP 37(b), if a party fails to obey an order to provide or permit discovery, including an order under Rule 26(f), then the court where the action is pending may issue "further just orders," and may "dismiss the action or proceeding in whole or part." Fed. R. Civ. P. 37(b)(2)(A)(v). Because default judgment is a harsh penalty, "the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Porter v. Martinez, 941 F.2d 732, 733 (9th Cir. 1991) (internal quotations omitted).

Here, the Court found that the first two factors weighed in favor of granting Defendants' Motion for Terminating Sanctions (ECF No. 149) as the discovery deadline had been extended in this case, Plaintiff failed to comply, and the case had been ongoing for five years. ECF No. 161. The Court also found that the third factor weighed in favor of Defendants as Plaintiff twice failed to respond to discovery despite being told by the Court that such failure could result in dismissal. The Court found that the fourth factor favored Plaintiff and the fifth factor favored Defendants. Overall, the Court found that terminating sanctions was appropriate despite the availability of alternatives because the Court explicitly warned Plaintiff about the possibility of case-dispositive sanctions, gave Plaintiff opportunities for extensions, and found that the Plaintiff's failure to respond was due to willfulness. Henry v. Gill Indus., 983 F.2d 943, 948 (9th Cir. 1993) (quoting Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990)).

The Court does not find that Plaintiff could or has raised any substantive legal issues with respect to this Court's dispositive ruling or any other order. Accordingly, this appeal of the dismissal of the underlying case and various orders is frivolous.

**IT IS THEREFORE ORDERED** that Plaintiff's *in forma pauperis* status shall not continue through his appeal as his appeal is frivolous.

**DATED:** December 11, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**