# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL FOLEY, | Case No. 2:14-cv-00094-RFB-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| LOREA AROSTEGUI, *et al.*, | |
| Defendants. | |

Before the Court is Defendants Lorea Arostegui and Clark County's (together the "Defendants") Motion for Attorney's Fees and Costs (ECF No. 221). For the foregoing reasons, the motion is granted.

On September 25, 2019, the Court granted Defendants motion for terminating sanctions and dismissed the action with prejudice. On September 2, 2022, the United States Court of Appeals for the Ninth Circuit held the dismissal premature and remanded for further proceedings. After further discovery, on September 29, 2023, the Court granted Defendants' Motion for Sanctions and their Motion for Summary Judgement. The September 29th Order also awarded Defendants' their reasonable attorney's fees and costs caused by Mr. Foley's failure to respond to the requested discovery. On October 19, 2024, Defendants filed the instant Motion for Attorney's Fees. This was fully briefed. On January 24, 2024, the Ninth Circuit dismissed Mr. Foley's appeal of the September 29th Order for failure to prosecute. The Court's order follows.

A district court can impose sanctions for discovery abuses. See Fed. R. Civ. P. 37. Where a party "fails to obey an order to provide or permit discovery," the court may issue appropriate sanctions and, "[i]nstead of or in addition[,] the court *must* order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

The Court has already found that Plaintiff was not substantially justified in failing to meet the discovery deadlines set by this Court nor that circumstances made an award of expenses unjust. Therefore, the sole question remaining before the Court is whether the attorney's fees sought by Defendants are reasonable. For the reasons below, the Court finds they are reasonable.

Reasonable attorney fees are calculated based on the lodestar method, which requires the Court to "multiply[] the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). In determining reasonable hourly rates, the Court must consider the prevailing rates in the community for similar work performed by attorneys of comparable skill, experience and reputation during the relevant time period. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980-81 (9th Cir. 2008). In determining a reasonable number of hours, the Court must consider whether the hours claimed by the applicant are adequately documented and whether any of the hours were unnecessary, duplicative, or excessive. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986). Once the lodestar has been calculated, it may be adjusted upward or downward to account for any relevant factors set out in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975) that are not subsumed in the initial calculation of the lodestar. Chalmers, 796 F.2d at 1212.

Defendants seek an award of attorney's fees in the amount of $7,408.75 caused as a result of Mr. Foley's failure to respond to requested discovery.[1] In support of their motion, Defendants have provided various evidence. Timothy Baldwin, Esq., a Nevada Deputy District Attorney and the attorney of record for Defendants in this case, provided a declaration. In it Mr. Baldwin attested to the number of attorney and paralegal hours necessarily expended as a result of Mr. Foley's failure to comply with the Court's order. Additionally, Mr. Baldwin swore to the authenticity of an itemized list of relevant attorney's fees and paralegal time and the relevant hourly rates. Finally, the Declaration of Paula Hernberger, an Administrative Specialist for the Clark County

---

[1] In their motion, Defendants also seek costs in the amount of $4,099.19. Because the unopposed Bill of Costs was already taxed by the Clerk of Court, see ECF No. 219, the Court will not consider those now-mooted portions of the motion.

Department of Finance, represents that she is responsible for reviewing bills from the District Attorney's Office and confirms the hourly rates stated by Mr. Baldwin. In the course of his brief, Mr. Foley reiterates his prior arguments on the merits of his case, argues that the Court has been deceived by the Defendants, and that the Court has been "unfair and insensitive" toward the plaintiff as a *pro se* litigant.

As a threshold matter, the Court notes that Mr. Foley has not filed a substantive opposition to the pending motion. An opposition to attorney's fees "must set forth the specific charges that are disputed and state with reasonable particularity the basis for the opposition." Local Rule 54-14(d). Instead, Mr. Foley reiterated arguments already considered by this Court regarding the merits of his case. While usually "[t]he failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion," Local Rule 7-2(d), the court is obliged to undertake an independent review of even an unopposed motion for attorney's fees, Local Rule 54-14(d) ("If no opposition is filed, the court may grant the motion [for attorney's fees] after independent review of the record.").

Next, the Court finds that $7,408.75 in attorney's fees is reasonable. Reasonable attorney fees are calculated based on the lodestar method, which requires the Court to "multiply[] the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales, 96 F.3d at 363. Here the Court finds from an independent review of the record that Defendants reasonably expended 89.8 hours of attorney time and 13.75 hours of paralegal time. On a review of the itemized totals, the Court finds that all requested hours are related to Mr. foley's underlying failure to produce the requested discovery. The Court finds the requested hourly rates—$75.00 per hour of attorney time and $35.00 per hour of paralegal time—are reasonable or even conservative. These are the standard rate billed by the Civil Division of the Cark County District Attorney's Office and, from the record, the Court finds that a reasonable and prevailing rate in the community is at least $130-190.00 per hour of attorney time and $75.00 per hour of paralegal time. The Court finds the lodestar calculation is thus $6,735.00 for attorney time and $673.75 for paralegal time, or a total of $7,408.75. In sum, the Court has received the briefing and exhibits attached to the motion and finds that $7,408.75 in attorney's fees is reasonable.

1   For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants Lorea Arostegui
2   and Clark County's Motion for Attorney's Fees and Costs (ECF No. 221) is **GRANTED**.
3   Defendants are awarded $7,408.75 in attorney's fees.

6   **DATED:** August 1, 2024.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**